UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WOO JA DHONG PANETTE,<br><br>Plaintiff,<br><br>v.<br><br>FILLMORE CENTER ASSOCIATES, LP, A CALIFORNIA LIMITED PARTNERSHIP,<br><br>Defendant. | Case No. 17-cv-07036-TSH<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 42 |

## I. INTRODUCTION

Plaintiff Woo Ja Im Dhong Panette ("Plaintiff") alleges she was injured by fumes associated with janitorial cleaning activity at the property where she resided, complained about those fumes, and was retaliated and discriminated against for doing so. The property owner, Fillmore Center Associates, L.P. ("the Center"), currently the only named defendant, removed the case from San Francisco Superior Court based on the Court's diversity jurisdiction. However, Plaintiff now moves for leave to file a third amended complaint, adding new causes of action and four defendants, including three that are non-diverse. Mot., ECF No. 42. The Center filed an Opposition (ECF No. 45) and Plaintiff filed a Reply (ECF No. 46). The Court finds this matter suitable for disposition without oral argument and **VACATES** the November 8, 2018 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **DENIES** Plaintiff's motion for the following reasons.

## II. BACKGROUND

### A. Factual Allegations

Plaintiff, who is in her mid-70s, was a resident of the Center's apartment complex in San Francisco, dating back to 2008 or 2009. Sec. Am. Compl. ¶¶ 5, 11-12, ECF No. 28. In 2013, the Center relocated her to a new building in the complex after fire damaged her previous unit. *Id.* ¶ 12. From the time Plaintiff was relocated, she experienced coughing, breathing problems, chest pains, burning watery eyes, vomiting, headaches, dizziness, and developed rashes and blisters on her body. *Id.* ¶ 13. Plaintiff alleges her illnesses "were caused or triggered by exposure to a toxic fume emitted from the mixture of bleach and Pine Sol that Defendants used to clean the Subject Premises on a daily basis." *Id.* ¶ 14. Plaintiff repeatedly complained about the fumes, but the Center ignored the complaints and "ridiculed and mocked her, and, at times, forcibly removed her from Defendants' management office." *Id.* ¶ 15. Plaintiff involuntarily vacated her unit as of November 6, 2017. *Id.* ¶ 16.

### B. Procedural Background

On November 8, 2017, Plaintiff filed a Complaint against the Center in the Superior Court of California, County of San Francisco. *Woo Ja Dhong Panette v. Fillmore Ctr. Assocs.*, Case No. CGC-17-562374, Not. of Removal, Ex. 1 (Compl.), ECF No. 1. Plaintiff filed a First Amended Complaint on November 27, 2017, *id.*, Ex. 2 ("FAC"), after which the Center removed the case to this Court on December 11, 2017, based on diversity jurisdiction under 28 U.S.C. § 1332. Not. of Removal at 3.[1]

On March 21, 2018, the Court issued a Case Management Order, setting August 20, 2018 as the deadline by which to seek leave to amend pleadings. ECF No. 21 at 1. On May 15, 2018,

---

[1] In her FAC, Plaintiff alleged she is a citizen of California. FAC ¶ 3. Although she also alleged the Center is a California Limited Partnership with its principal place of business in San Francisco, California (*id.* ¶ 4), the Center clarified in its Notice of Removal that it is a limited liability company owned by two separate corporations, neither of which is organized under the laws of the State of California or has its principal place of business in the state. Not. of Removal at 4. According to the Center, PRISAREIT, Inc., which owns 50% of the Center, is organized under the laws of the State of Florida and does not have its principal place of business in the State of California. *Id.* The Prudential Insurance Company of America, which owns the other 50%, is organized under the laws of the State of New Jersey and does not have its principal place of business in the State of California. *Id.*

2

the Court granted the parties' stipulation for Plaintiff to file the operative Second Amended Complaint ("SAC"). ECF No. 27. Plaintiff currently asserts 12 claims against the Center: (1) Negligence; (2) Premises Liability; (3) Intentional Infliction of Emotional Distress; (4) Elder Abuse, Cal. Welf. & Inst. Code § 15600 et seq.; (5) Breach of the Covenant of Quiet Enjoyment; (6) Nuisance; (7) Disability Discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12927(c)(1), 12955; (8) Retaliation in violation of FEHA, *id.* § 12955(f); (9) violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51; (10) violation of California Civil Code section 1942.5; (11) breach of Tax Regulatory Agreement; and (12) Breach of the Implied Warranty of Habitability. SAC ¶¶ 17-82.

As part of its Case Management Order, the Court also referred the parties to an early settlement conference before a magistrate judge. ECF No. 21 at 2. The conference was initially scheduled for July 20, 2018, before Magistrate Judge Kandis Westmore, but was continued to August 13, 2018. ECF Nos. 24, 31. The parties were unable to settle. ECF No. 32. Four days later, on August 17, 2018, the parties filed a stipulation requesting the Court extend the deadline to amend pleadings from August 20 to September 4, 2018. ECF No. 33. The parties explained that, due to the delay in rescheduling the settlement conference, Plaintiff had insufficient time to bring a motion to amend the pleadings to add new defendants. *Id.* at 2. The Court granted the parties' request. ECF No. 34. The parties subsequently filed a second request to extend the deadline until September 18, 2018, explaining that Plaintiff retained new counsel and the Center needed additional time to review Plaintiff's proposed amended complaint. ECF No. 36. The Court granted that request as well. *Id.* On September 14, 2018, the parties filed a third request, indicating they were "continuing to work towards an agreement to stipulate for leave to amend in the interest of judicial efficiency and to avoid unnecessary motion practice." ECF No. 40. The Court extended the deadline to September 26, 2018. ECF No. 41.

Plaintiff filed the present motion to amend on September 26, 2018. She brings the motion pursuant to Federal Rule of Civil Procedure 15(a). Mot. at 3. However, because Plaintiff seeks to join non-diverse defendants to an action removed based on diversity jurisdiction, joinder is governed by 28 U.S.C. § 1447(e).

3

## III. LEGAL STANDARD

Federal district courts have jurisdiction over suits for more than $75,000 between "citizens of different States." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction exists only in cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "Congress added subsection (e) to § 1447 with the express purpose of taking advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal." *IBC Aviation Servs., Inc. v. Compañia Mexicana de Aviacion, S.A. de C. V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citing H.R. Rep. No. 100–889, at 72-73).

The decision of whether to permit joinder is a matter left to the discretion of the district court. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). The following factors are considered in making this determination:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been an unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice involved parties.

*Sharpe v. Fedex Corp.*, 2007 WL 1888878, at *1 (N.D. Cal. June 29, 2007) (citing *Lopez v. General Motors Corp.*, 697 F.2d 1328 (9th Cir. 1983). "If the Court permits joinder of a non-diverse defendant under this provision, the Court must remand the action to state court." *Taylor v. Honeywell Corp.*, 2010 WL 1881459, at *2 (N.D. Cal. May 10, 2010) (citing 28 U.S.C. § 1447(e)).

## IV. DISCUSSION

In her motion, Plaintiff states her new counsel "has become aware of further causes of action and the need to modify causes of action previously asserted." Mot. at 3. She argues the proposed Third Amended Complaint ("TAC") should be allowed because it is timely, there is no

4

prejudice to the Center, and "[t]he factual allegations are effectively identical to those in the operative Second Amended Complaint. All Plaintiff is requesting is the addition of two causes of action, the recharacterization of previously asserted causes of action, and the naming of four necessary defendants." *Id.* at 4. The TAC adds causes of action for violation of San Francisco Administrative Code section 37.9 (Wrongful Eviction) and Constructive Eviction, and adds four defendants – The Laramar Group, LLC ("Laramar"), Able Engineering Services ("Able"), Carpet Maintenance Solutions ("CMS"), and Cypress Security, LLC ("Cypress").[2] Mot. Ex. A (TAC), ECF No. 42-1. Laramar is a Delaware LLC, while Able, CMS, and Cypress are located in California. TAC ¶¶ 6-9.

The Center does not object to the addition of Laramar, but it does object to Plaintiff's effort, "10 months post-removal, to destroy diversity jurisdiction by adding three non-diverse defendants, all of whom are vendors who provide services at the Center." Opp'n at 1. The Center also argues the proposed TAC improperly alleges a "non-viable claim" for wrongful eviction under San Francisco Administrative Code section 37.9, which Plaintiff previously raised in her initial complaint and then abandoned (*see* Compl. ¶¶ 17-24), and contends it raises Federal Rule of Civil Procedure 11 concerns "by continuing to assert allegations that—as confirmed in discovery to date—are not supported by the evidence." Opp'n at 1.

## A.  Necessary Party Under Rule 19

Under the first § 1447(e) factor, the Court considers "whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a)." *IBC Aviation*, 125 F. Supp. 2d at 1011. Rule 19(a) requires joinder of persons whose absence (1) would preclude the grant of complete relief, (2) would impede such persons' ability to protect their interests, or (3) would subject any party to the danger of inconsistent obligations. *Id.* (citing Fed. R. Civ. P. 19(a)). However, leave to amend under § 1447(e) is a less restrictive standard than joinder sought directly under Rule 19. *Id.* at 1012. The salient question is whether "[the] failure

---

[2] The TAC references "Cypress Private Security" and "Able Janitorial Services, Inc," but the Center states the vendors with whom Laramar contracted are Cypress Security, LLC and Able Engineering Services. Opp'n at 1 n. 1.

5

to join will lead to separate and redundant actions." *Id.* at 1011. Courts permit joinder of non-diverse defendants under § 1447(e) where the proposed defendants are closely related to the cause of action or where their absence would prevent the grant of complete relief between the parties. *Id.* at 1012 (citing *Red Buttons v. Nat'l Broad. Co.*, 858 F. Supp. 1025, 1027 (C.D. Cal. 1994)); *see also Ruscigno v. Hillstone Restaurant Group Inc.*, 2010 WL 934265, at *2 (N.D. Cal., Mar. 15, 2010). Still, "[i]n evaluating whether to permit joinder under the first factor, courts 'look at least for a high degree of involvement by the defendant in the occurrences that gave rise to the plaintiff's cause of action.'" *San Jose Neurospine v. Cigna Health & Life Ins. Co.*, 2016 WL 7242139, at *8 (N.D. Cal. Dec. 15, 2016) (quoting *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1022 (C.D. Cal. 2002)).

As noted above, the Center does not object to the addition of Laramar; thus, the issue is whether Cypress, CMS, and Able are necessary parties. According to the Center, the apartment complex in which Plaintiff lived was managed by Laramar, a property management company. P. Anderson Decl. ¶ 6, ECF No. 45-2. Laramar contracted with various vendors, including Cypress (a security services vendor), Able (a janitorial services vendor), and CMS (a carpet cleaning company). *Id.* The Center argues these vendors are not needed for just adjudication of Plaintiff's claims for several reasons. First, it notes the proposed TAC contains no allegations linking Cypress and CMS to Plaintiff's alleged harm. Opp'n at 8. Second, it maintains that all three proposed defendants are vendors contracted by the Center and Laramar to perform services and, as such, they are all agents of the Center and complete relief could be obtained from the Center and Laramar without also adding them. *Id.* Finally, the Center argues both Plaintiff and her son (who was her former counsel in this case) "were well aware of Able, Cypress, and CMS at the time the original complaint was filed and/or could have readily ascertained their identity when the case incepted." *Id.* at 9.

In reviewing the proposed TAC, the Court agrees that Plaintiff points to no actual conduct by Cypress or CMS that contributed to the harm she alleges. In fact, she alleges facts specific to each of the proposed non-diverse defendants only once. *See* TAC ¶¶ 7 ("Defendant ABLE JANITORIAL SERVICES, INC., is a California corporation headquartered in the City of Napa,

County of Napa, and doing business in the City and County of San Francisco, State of California."), 8 ("Defendant CARPET MAINTENANCE SOLUTIONS is a business entity, form unknown, doing business in the City and County of San Francisco, State of California."), 9 ("Defendant CYPRESS PRIVATE SECURITY, LP, is a California limited partnership headquartered and doing business in City and County of San Francisco, State of California."). Notably, in the remainder of her TAC, Plaintiff refers generally to "DEFENDANTS" and seeks to hold all of them accountable for all 10 causes of action.

Further, Cypress, CMS, and Able do not appear to be indispensable parties because they are the Center's and Laramar's agents, which Plaintiff herself alleges. *See id.* ¶ 13 ("At all times herein mentioned, each of the DEFENDANTS was the agent, managing agent, servant, and/or employee of the remaining DEFENDANTS, and each of them, and at all times herein mentioned, was acting within the course and scope of said agency, service, and employment."); Reply at 6 ("Here, each of the proposed defendants—Laramar, Able, CMS, and Cypress—played an integral role in the harm Plaintiff suffered. All are Defendant's agents."). "Generally, agents are not indispensable parties, as plaintiffs can recover damages from the principal for the alleged wrongdoing of the agent." *Keshish v. Allstate Ins. Co.*, 2012 WL 12887075, at *5 (C.D. Cal. Oct. 19, 2012) (citation omitted) ((denying motion for leave to amend where non-diverse defendant was an agent of the originally named defendant); *see also Dorfman v. Massachusetts Cas. Ins. Co.*, 2015 WL 7312413, at *8 (C.D. Cal. Nov. 19, 2015) ("Agents and joint tortfeasors, however, are not generally deemed indispensable parties, because full liability can be imposed on the principal or joint tortfeasor even if they are not joined."). As the non-diverse defendants are the Center's and Laramar's agents, and the Center does not object to the addition of Laramar, there is no reason the other three parties are needed for just adjudication of this matter. Plaintiff could obtain complete relief from the Center and Laramar because, to the extent she was harmed by chemical fumes caused by cleaning activity in her building, she can obtain relief from them as the owner and manager of the property. *See Dorfman*, 2015 WL 7312413, at *8 (denying motion for leave to amend where non-diverse defendants were a third-party vendor and agent); *Boon*, 229 F. Supp. 2d at 1025 ("Plaintiffs have already named defendant Allstate which remains a party to the

action and a potential source for payment of damages.").

Finally, in evaluating the first factor under § 1447(e), district courts have also recognized that "a court has discretion to deny joinder of a party whose identity was ascertainable and thus could have been named in the first complaint." *Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1282 (C.D. Cal. 2015) (finding that a defendant was not necessary where the non-diverse defendant was only tangentially related to the case and whose identity was ascertainable"); *see also Boon*, 229 F. Supp. 2d at 1023 (noting, in finding that the first § 1447(e) factor weighed against amendment, that plaintiff "could have stated a claim . . . against [the non-diverse defendant] in the original complaint"). Here, Plaintiff argues she acted timely in filing her motion to amend because she was unable to ascertain the identity of Cypress and Able until May 2018, when the Center responses to her first set of interrogatories. Reply at 2. However, the Center provided their identities earlier, when it listed them as potential witnesses in its March 2018 initial disclosures and April 2018 supplemental disclosures. E. Anderson Decl. ¶ 11, Ex. C, ECF No. 45-1. Regardless, even assuming Plaintiff did not learn of their identities until May, she provides no rationale for why she waited an additional four months until filing the present motion. Plaintiff also states her new counsel "has become aware of further causes of action and the need to modify causes of action previously asserted," Mot. at 3, but she has been represented by counsel throughout the entirety of this case. Under these circumstances, the Court finds that the first factor weighs against amendment.

**B.      Statute of Limitations**

The second factor considers whether the statute of limitations would preclude an original action against the new defendants in state court. "Generally, if a statute of limitations does not bar a plaintiff from filing suit in state court, a federal court may be less inclined to permit joinder of a non-diverse defendant because she could still theoretically seek relief from state court." *Vasquez v. Wells Fargo Bank, Nat'l Ass'n*, 77 F. Supp. 3d 911, 922 (N.D. Cal. 2015) (internal quotations and citation omitted). Plaintiff has not addressed any statutes of limitations, nor has she suggested that any claims against Cypress, CMS, or Able would be time-barred. Therefore, this factor does not support allowing amendment. *See Boon*, 229 F. Supp. 2d at 1023 ("Plaintiffs do not argue that

8

1 a new action against [Defendant] would be time-barred. Accordingly, this factor does not support
2 allowing the amendment.").

**C.     Unexplained Delay**

Under the third factor, the Court considers whether Plaintiff attempted the amendment in a timely fashion. "Courts also consider the procedural posture of the case." *Graunstadt v. USS-Posco Indus.*, 2010 WL 3910145, at *3 (N.D. Cal. Oct. 5, 2010) (citing *Righetti v. Shell Oil Co.*, 711 F. Supp. 531, 534 (N.D. Cal. 1989)). "For a motion to amend to be granted, it is important that the litigation has not yet made considerable progress." *Id.* (citing *Righetti*, 711 F. Supp. at 534). District courts within this Circuit have found amendment timely when a plaintiff amended their complaint "less than three months after [plaintiffs] filed their original complaint in Superior Court, and less than a month after removal." *Boon*, 229 F. Supp. 2d at 1023; *see also Cruz v. Bank of N.Y. Mellon*, 2012 WL 2838957, at *5 (N.D. Cal. July 10, 2012) (finding no delay where "Plaintiff filed the FAC approximately one month after the case was removed and approximately two months after the original complaint was filed in state court"); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999) (finding that an amendment occurring after approximately six weeks was attempted in a timely fashion).

At the same time, courts have denied leave where the plaintiff amended the complaint more than three months after removal. *Lopez v. Whirlpool Corp.*, 2012 WL 2133737, at *3 (N.D. Cal. June 12, 2012) (finding undue delay and denying motion to amend where the plaintiff waited six months); *Zhang v. Saks Inc.*, 2009 WL 5125815, at *3 (N.D. Cal. Dec. 21, 2009) (finding undue delay and denying motion to amend where the plaintiff waited four and a half months and had already filed one amended complaint); *Keshish*, 2012 WL 12887075, at *6 (finding three month delay unreasonable).

Here, Plaintiff filed her initial complaint on November 8, 2017, over ten months before filing the present motion, and the Center removed the case to this Court on December 11, 2017, over nine months prior. She has already amended her complaint twice, and the Center filed its answer to the SAC on June 5, 2018. ECF No. 30. Further, the discovery cut-off is less than one month away and the parties have already participated in a settlement conference with Magistrate

9

Judge Westmore.[3] ECF Nos. 21, 32. Given the amount of time that has passed and the procedural posture of this case, it appears that leave to amend should be denied.

Courts considering the timeliness factor under § 1447(e) have also considered a plaintiff's explanations for any delay in amending its complaint. *See, e.g., Boone*, 229 F. Supp. 2d at 1023 (noting that plaintiffs "acted timely in filing the amendment especially in light of the substitution of new counsel that occurred during the early stages of the litigation"); *Chan v. Bucephalus Alternative Energy Grp., LLC*, 2009 WL 1108744, at *5 (N.D. Cal. Apr. 24, 2009) (finding amendment timely where plaintiff "filed her Amended Complaint only four days after discovering that the [non-diverse] defendant was not [a] member of [the diverse defendant], as [plaintiff] had previously believed"). Here, as discussed above, Plaintiff argues she acted timely in filing her motion to amend because she was unable to ascertain the identity of Cypress and Able until May 2018. Reply at 2. However, the Center provided their identities earlier, when it listed them as potential witnesses in its March 2018 initial disclosures and April 2018 supplemental disclosures. E. Anderson Decl. ¶ 11, Ex. C. Regardless, Plaintiff has not adequately explained why she waited at least four months to add these non-diverse defendants. She maintains the proposed non-diverse defendants "all came about as the result of reasonable inquiry." Mot. at 5. But given that Plaintiff has been represented by counsel throughout this litigation and the case has been pending for over ten months, this does not explain why she "did not know, and with the exercise of reasonable diligence could not have known, of the basis for h[er] claims against [Cypress, CMS, and Able]" prior to filing this motion. *See Murphy*, 74 F. Supp. 3d at 1285. At a minimum, Plaintiff's argument as to Cypress and Able is not credible given the undisputed fact that the Center disclosed them in their initial and supplemental disclosures over five months ago. E. Anderson Decl. ¶ 11, Ex. C.

Accordingly, the Court finds Plaintiff's failure to provide a reasonable explanation for the delay causes the Court to conclude that this factor weighs against allowing amendment.

---

[3] According to the Center, Able attended the settlement conference because "Able owes a duty to indemnify Laramar and the Center to the extent Able's negligence caused Plaintiff harm." Opp'n at 8 n. 6. This also tends to show Able is not an indispensable party because Plaintiff can recover damages from the Center and/or Laramar for any wrongdoing on the part of Able.

**D.     Motive**

Under the fourth factor, the Court considers whether joinder is intended solely to defeat federal jurisdiction. The Ninth Circuit has instructed that, because "motive in seeking joinder" is a relevant factor in determining whether amendment is appropriate, "a trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Desert Empire Bank v. Ins. Co of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980). However, "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." *IBC Aviation*, 125 F. Supp. 2d at 1012 (citing *Trotman v. United Parcel Service*, 1996 WL 428333, at *1 (N.D. Cal. July 16, 1996)).

In considering motive for joinder, "courts have inferred an improper motive where the plaintiff's proposed amended complaint contains only minor or insignificant changes to the original complaint." *Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, 2016 WL 3396925, at *4 (C.D. Cal. June 13, 2016). Thus, where the original and amended complaints are "substantially similar," courts have denied leave to amend. *Clinco*, 41 F. Supp. 2d at 1083 n.2. ("Apart from various editorial differences, the first amended complaint adds a one-sentence allegation to the first cause of action and slightly alters the sixth cause of action. In addition, the first amended version contains descriptions of the new defendants."); *San Jose Neurospine*, 2016 WL 7242139, at *10 ("Plaintiff's FAC adds three factual allegations specific to [the proposed defendant], including that it is a California corporation, it is licensed, and that it acts as a "unified whole" with [the name defendant]."). As discussed above, Plaintiff's TAC alleges facts specific to Cypress, CMS, and Able only once, when she describes them each as parties. *See* TAC ¶¶ 7-9. While Plaintiff does add new claims, they, like the remainder of the TAC, are alleged generally against "DEFENDANTS" and do not specifically reference any of the non-diverse defendants she now seeks to add. Thus, because the two complaints are substantially similar, and the TAC contains only minor references to Cypress, CMS, and Able, "the Court can infer improper motive." *San Jose Neurospine*, 2016 WL 7242139, at *10; *Clinco*, 41 F. Supp. 2d at 1083. Accordingly, this factor does not support amendment.

11

### E. Strength of Claims Against Cypress, CMS, and Able

Under the fifth factor, the Court considers whether the new claims are valid. "The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under section 1447(e)." *Taylor*, 2010 WL 1881459, at *3 (citing *Righetti*, 711 F. Supp. at 534-35).

Here, Plaintiff alleges the same causes of action against all five defendants. TAC ¶¶ 25-88. Again, the only factual allegations in the TAC that specifically reference Cypress, CMS, and Able are when she describes them each as parties. *See Id.* ¶¶ 7-9. In looking at her allegations, it is unclear how Plaintiff seeks to hold Cypress, CMS, and Able liable for her claims related to a landlord-tenant relationship. For instance, in her negligence claim, Plaintiff alleges: "Because of the landlord-tenant relationship between DEFENDANTS and PLAINTIFF, DEFENDANTS owed Plaintiff a duty to exercise reasonable care in the management and control of the PREMISES, owed a duty to provide PLAINTIFF with a residential rental property meeting minimum standards of habitability, and were required to allow PLAINTIFF the peaceful and quiet enjoyment of the PREMISES." *Id.* ¶ 42. In her claim for nuisance, Plaintiff alleges: "As owners, landlords, or managers of the Premises, DEFENDANTS owed a duty to PLAINTIFF . . . which [they] breached by . . . maintaining a nuisance." *Id.* ¶ 38. But the non-diverse defendants are not the owners or landlords of the apartment complex. Similarly, Plaintiff bases her claims for wrongful and constructive eviction on the conduct and obligations of "DEFENDANTS" under the "LEASE," but fails to allege she entered into a lease with Cypress, CMS, or Able. *Id.* ¶¶ 47-62. Plaintiff's FEHA claim alleges FEHA "offers protections to tenants against the unlawful practices of landlords . . . ." *Id.* ¶ 69. And her California Civil Code section 1942.5 claim alleges Plaintiff notified "DEFENDANTS, in their capacities as landlords" of defective and dangerous conditions, and that "DEFENDANTS" retaliated against her by serving her with a notice to terminate tenancy. *Id.* ¶¶ 74-75. Again, it is not plausible that Cypress, CMS, and Able are property owners or landlords subject to liability on either cause of action. Because Plaintiff fails to allege facts in support of her claims against the non-diverse defendants, leave to amend would be improper. *See Keshish*, 2012 WL 12887075, at *4 (denying motion for leave to amend where no facts were

12

1   alleged to support claim against non-diverse proposed defendant); *San Jose Neurospine*, 2016 WL
2   7242139, at *12 (same).
3         In her reply, Plaintiff argues she has strong claims against the proposed new defendants
4   because "independent witnesses corroborate Plaintiff's complaints." Reply at 3-5 (summarizing
5   testimony from Olivia DeGuzman (Able's janitor who described using Pine-Sol and Clorox
6   bleach, among other cleaners), Sherika Johnson (a fourteen-year resident of the Center to whom
7   Plaintiff repeatedly complained about the chemical odor making her sick and who also smelled a
8   "strong chemical odor"), Mr. Tubtiang (a resident from 2015 to 2018 who stated he often smelled
9   strong chemical fumes and it bothered him, which is one of the reasons he moved out), and
10  Maggie Siegler (a caretaker for another tenant who was bothered by a strong chemical odor so
11  strong that she covered her nose and mouth with her hand)). Plaintiff also cites to documentary
12  evidence of her complaints to management. *Id.* at 5. While this evidence might support Plaintiff's
13  claims, she does not explain how it helps establish liability against Cypress, CMS, and Able,
14  rather than the Center and Laramar as the Center's owner and property manager, respectively.
15  Plaintiff does allege facts which could implicate liability against Able for its cleaning services.
16  *See, e.g.,* TAC ¶ 19 ("PLAINTIFF is informed and believes and thereon alleges that her illnesses
17  were caused or triggered by exposure to toxic fumes emitted from the mixture of bleach and Pine
18  Sol that DEFENDANTS used to clean the PREMISES on a daily basis.") However, the Center
19  admits it would be liable if Able, as its agent, is found to have caused Plaintiff's injuries, and it
20  would call upon Able to indemnify it for any damages awarded. Opp'n at 8 n.6. These facts
21  counsel against allowing amendment. *See Keshish* 2012 WL 12887075, at *5 (denying motion for
22  leave to amend where non-diverse defendant was an agent of the originally named defendant);
23  *Sharpe*, 2007 WL 1888878, at *2 (N.D. Cal. June 29, 2007) (denying leave to amend where
24  named defendant stipulated to vicarious liability); *Dorfman*, 2015 WL 7312413, at *8 ("Agents
25  and joint tortfeasors, however, are not generally deemed indispensable parties, because full
26  liability can be imposed on the principal or joint tortfeasor even if they are not joined.").
27        Thus, consideration of the merits of Plaintiff's claims weighs against permitting
28  amendment.

## F. Prejudice to the Parties

Finally, the Court must consider prejudice. On the one hand, if the Court denies leave to amend, Plaintiff could be prejudiced if she chooses to pursue litigation against the non-diverse defendants in state court. "Significant prejudice to plaintiff results where claims against proposed non-diverse defendants are so intimately connected to those against an original defendant that denial of joinder would force a plaintiff to choose whether to pursue redundant litigation in another forum at the risk of inconsistent results or forego its valid claims." *Graunstadt*, 2010 WL 3910145, at *5 (citation omitted); *see also Taylor*, 2010 WL 1881459, at *4 ("Duplicative litigation in separate proceedings pending in state and federal court would result in a waste of judicial and the Plaintiffs' resources, as well as risk inconsistent results.") (citation omitted). "The prospect of such prejudice befalling a plaintiff should weigh in favor of joinder." *Graunstadt*, 2010 WL 3910145, at *5 (citing *IBC*, 125 F. Supp. 2d at 1013).

On the other hand, the joinder of the non-diverse defendants does not appear to be needed for just adjudication. As discussed above, Plaintiff alleges no facts against Cypress and CMS. *See Vasquez*, 77 F. Supp. 3d at 923 ("Because the Court finds that Plaintiff fails to state viable claims against Wells Fargo & Company, it also finds that Plaintiff will not be prejudiced if the Court does not permit joinder."). As to Able, the Center admits it would be liable if Able is found to have caused Plaintiff's injuries. *See Keshish* 2012 WL 12887075, at *5; *Sharpe*, 2007 WL 1888878, at *2; *Dorfman*, 2015 WL 7312413, at *8. Further, if the Court were to permit joinder and remand, the Center would be prejudiced by having to "restart" litigation in state court, even though the litigation in this Court is well under way, with discovery scheduled to close this month. Therefore, this factor counsels against joinder and remand. *See Sharpe*, 2007 WL 1888878, at *2 (denying leave to amend where the court found defendant "would be prejudiced by having to 'restart' litigation in state court" because the litigation was "well under way").

## G. Summary

With the possible exception of prejudice to Plaintiff, the Court finds that none of the § 1447(e) discretionary factors support amendment. As to prejudice, other courts have recognized, "[m]ost significant are the findings that none of the asserted claims against [the non-diverse

14

defendant] appear valid and that the apparent reason for the proposed joinder is to add a party whose presence would defeat diversity jurisdiction." *Murphy*, 74 F. Supp. 3d at 1286; *San Jose Neurospine*, 2016 WL 7242139, at *13. Thus, the Court will exercise its discretion under § 1447(e) to not permit Plaintiff to join Cypress, CMS, and Able as defendants.

## V. CONCLUSION

Weighing the six factors collectively, the Court finds permitting the proposed amendment is not warranted. Accordingly, Plaintiff's Motion to Amend is **DENIED**. At this time, the Court shall not consider the Center's position regarding Plaintiff's San Francisco Administrative Code section 37.9 claim or its argument regarding Federal Rule of Civil Procedure 11. Instead, the Court **ORDERS** Plaintiff and the Center to meet and confer by November 1, 2018, to determine whether they can stipulate for leave to file a revised third amended complaint adding Laramar as a defendant. In so doing, the parties should bear in mind that the Court is bound by Federal Rule of Civil Procedure 15's liberal standard in favor of allowing amendment. If the parties file a stipulation to allow Plaintiff to file an amended complaint, the Court will schedule a case management conference to establish new case management deadlines. If the parties are unable to agree, Plaintiff shall file any motion to amend adding Laramar as a defendant pursuant to Rule 15 by November 15, 2018.

**IT IS SO ORDERED.**

Dated: October 23, 2018

THOMAS S. HIXSON
United States Magistrate Judge